IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMARCUS SCOTT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEADING EDGE RECOVERY )<br>SOLUTIONS, LLC )<br>)<br>Defendant. )<br>_____ ) | Civil Action File No.<br>5:11-cv-00372-MTT |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Jamarcus Scott ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Bibb, and City of Macon.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Leading Edge Recovery Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Specifically, the alleged debt arises from a personal credit card and is allegedly owed to FIA Card Services, N.A.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Defendant sent Plaintiff initial correspondence dated May 6, 2011, containing the disclosures required by 15 U.S.C. § 1692g(a).

13. In connection with the collection of an alleged debt, Defendant's agent and/or employee "Shawn Robinson" communicated with Plaintiff via telephone call on May 11, 2011.

14. During the May 11, 2011 telephone conversation, "Shawn Robinson" threatened that the account has been placed with Defendant for collection because the creditor is "thinking they may want to pursue [Plaintiff] legally for the account" and that the creditor "decided [Plaintiff's] got good enough credit, we're going to go after him," so they sent the account to Defendant.

15. When Plaintiff told "Shawn Robinson" that he is not the type of person who just does not pay his bills, "Shawn Robinson" retorted that Plaintiff has not paid this bill, so apparently he is that type of person.

16. During the May 11, 2011 telephone conversation, "Shawn Robinson" transferred Plaintiff to his manager, Defendant's agent and/or employee "Adam."

17. Defendant's agent and/or employee "Adam" threatened that "the stakes are being raised here" and that the creditor could potentially get a judgment against Plaintiff.

18. Defendant's agent and/or employee "Adam" further threatened, that when the creditor wins, Plaintiff was going to be required pay the attorneys' costs as well.

19. "Adam" asserted that he had to make sure Plaintiff clearly understand that he could be sued by the creditor if he did not begin making payments.

20. Defendant's agent and/or employee "Adam" further threatened that the creditor is considering potentially suing Plaintiff because he was "dragging [his] feet."

21. When Plaintiff informed "Adam" that his wife handles all the bills, "Adam" stated that Plaintiff's wife must intentionally not be paying this bill, so now Plaintiff must handle it.

22. After Plaintiff stated he would be getting paid on May 15, 2011 in an amount of about $700.00, Defendant's agent and/or employee "Adam" demanded, that Plaintiff needed "to commit to paying at least half of [the alleged debt], $665.00" on the 15th.

23. When Plaintiff told "Adam" he could not agree to a payment until he talks to his wife, "Adam" demanded Plaintiff provide her telephone number so that he could conference her in on the telephone call.

24. When Plaintiff hesitated in providing his wife's telephone number, "Adam" retorted, in an attempt to abuse Plaintiff, "Why are you getting a swarmy, sir?"

25. As a result of "Adam's" abuse, Defendant provided a telephone number for his wife.

26. "Adam" threatened, "if you're not taking care of it today, we're going to suggest to our client that they just potentially get the judgment against you."

27. "Adam" threatened that Plaintiff had until 2:00 P.M. that day to call back with his checking account information to set up a payment for May 15, 2011.

28. At no time during the May 11, 2011 telephone call did Defendant's agents and/or employees explain how their threats of a lawsuit and demand for payment within the dispute period affected Plaintiff's rights under 15 U.S.C. § 1692g(a).

29. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I:
## VIOLATION OF 15 U.S.C. § 1692g(b)

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

31. In making the above statements within the initial thirty (30) day dispute period, Defendant overshadowed the disclosures required by 15 USC § 1692g(a).

32. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II:
## VIOLATION OF 15 U.S.C. § 1692d(2)

33.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

34.     Defendant violated 15 U.S.C. § 1692d(2) by, during the May 11, 2011 telephone conversation, using obscene or profane language or language the natural consequence of which is to abuse the hearer or reading including statements that Plaintiff is "squirmy," asserting that Plaintiff is the type of person who fails to pay his bills, asserting that Plaintiff was dragging his feet, and claiming that Plaintiff's wife was intentionally not paying the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III:
## VIOLATION OF 15 U.S.C. § 1692e(5)

35.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

36.     Defendant violated 15 U.S.C. § 1692e(5) by, during the May 11, 2011 telephone conversation, threatening that a lawsuit on the alleged debt was imminent, asserting that a judgment would be entered against Plaintiff, and threatening that Plaintiff would be liable for attorneys' fees, actions Defendant could not legally take or did not intend to take.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

38. Defendant violated 15 U.S.C. § 169e(10) by using false representations or deceptive means to collect or attempt to collect an alleged debt or to obtain information concerning a consumer, including demanding payment and threatening to file a lawsuit within the dispute period, calling Plaintiff "squirmy" in an attempt to get Plaintiff's wife's telephone number, asserting that Plaintiff is the type of person who fails to pay his bills, asserting that Plaintiff was dragging his feet, claiming that Plaintiff's wife was intentionally not paying the alleged debt, threatening that a lawsuit was imminent, and threatening a judgment would be entered against Plaintiff causing him to be liable for attorneys' fees.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

9

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.

This 30th day of January, 2012.

        ATTORNEYS FOR PLAINTIFF
        JAMARCUS SCOTT

        Respectfully submitted,

        /s/ Craig J. Ehrlich
        Craig J. Ehrlich
        Georgia Bar No. 242240
        WEISBERG & MEYERS, LLC
        5025 N. Central Ave. #602
        Phoenix, AZ 85012
        (888) 595-9111 ext. 250
        (866) 842-3303 (fax)
        cehrlich@attorneysforconsumers.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to:

John H. Bedard, Jr.
Jonathan K. Aust
Bedard Law Group, PC
2810 Peachtree Industrial Blvd.,
Suite D
Duluth, Georgia 30097

              s/ Craig J. Ehrlich
              Craig J. Ehrlich
              Georgia Bar No. 242240
              WEISBERG & MEYERS, LLC