IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMARCUS SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:11-CV-372 (MTT) |
| ) | |
| LEADING EDGE RECOVERY ) | |
| SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees and Costs. (Doc. 16). The Plaintiff seeks $5,613.50 in attorney's fees. The Defendant objects on two grounds: (1) the Plaintiff has failed to provide evidence of the prevailing market rate in the Middle District of Georgia, specifically the Macon Division, and (2) the Plaintiff cannot recover attorney's fees for work that is duplicative, administrative, or excessive. For the following reasons, the Motion is **GRANTED in part and DENIED in part** with regard to attorney's fees and **DENIED as moot** with regard to costs.

A. Litigation History

On May 24, 2011, the Plaintiff sent a notice of potential Fair Debt Collection Practices Act claims to the Defendant and an offer to settle for $3,500.00. The Defendant claims the notice was nothing more than a form demand letter devoid of any factual allegations. On June 9, 2011, the Defendant requested a sworn statement from the Plaintiff, and said that if the Plaintiff responded, "then the matter will be concluded in very short order." (Doc. 16-4, at 2). The Plaintiff provided an affidavit on June 30,

2011, which was forwarded to the Defendant's outside counsel.  Although the Plaintiff was told an attorney would be in contact soon, he did not hear anything, and he filed this action on September 16, 2011.

On October 27, 2011, the Defendant requested a demand from the Plaintiff.  On November, 9, 2011, the Plaintiff sent a demand for $4,750.00, inclusive of statutory and actual damages, attorney's fees, and costs, which expired one week later.  After the expiration of the Plaintiff's demand, the Defendant made an offer to settle for $1,000.00.  The offer did not mention attorney's fees or costs.  On December 30, 2011, the Plaintiff made another demand in the amount of $4,995.00 inclusive of all fees, which expired one week later.

On January 24, 2012, the Defendant proposed a Fed. R. Civ. P. 68 Offer of Judgment, which the Plaintiff accepted.  (Doc. 14).  The Offer of Judgment was for $1,001.00 in statutory damages, $250.00 in actual damages, costs of the action, and "reasonable attorney's fees allowable under 15 U.S.C. § 1692k(a) through and including the 14th day following service of this offer."  (Doc. 14-1, at 2).  The Defendant offered more than $1,000.00 so the Offer of Judgment would be higher than its previous offer.  However, because the FDCPA has a $1,000.00 statutory cap, the Parties agreed that the judgment would be $1,000.00 in statutory damages and $251.00 in actual damages.  Taxation of costs against the Defendant has already been entered.  (Doc. 19).  Thus, the remaining issue is the calculation of attorney's fees.

B. Calculation of Attorney's Fees

1. Reasonable Attorney's Fees in the Prevailing Market

*Cook v. Law Offices of Forster & Garbus*, 2010 WL 4941439, at *1-2 (M.D. Fla.) – a case involving the Plaintiff's counsel – provides a detailed overview of the applicable law in FDCPA actions:

> Pursuant to the FDCPA, an award of attorney's fees to the prevailing party is mandatory. In *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the results obtained. This analysis applies when determining a reasonable attorney's fee under FDCPA.

*Cook*, 2010 WL 4941439, at *1 (internal quotations and citations omitted). The reasonable attorney's fee must be based on the prevailing market rate in the relevant legal community. *Id*.

> With regard to the prevailing market rate:
>
> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work…. Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (internal quotations and citations omitted). "When … the applicant for a fee has carried

his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee…." *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

The Defendant is correct that the relevant legal community is the Macon Division of the Middle District of Georgia. *Eaton v. Astrue*, 2011 WL 3296097, at *2 n.3 (M.D. Ga.). Here, neither the Plaintiff's affidavits, the *Laffey* Matrix, nor the Consumer Law survey sheds any light on the prevailing market rate in the Middle District of Georgia, specifically the Macon Division. The Plaintiff points to one case involving "consumer advocacy" in this district to support his argument, *Gill v. Bluebird Body Co.*, 353 F. Supp. 2d 1265 (M.D. Ga. 2005). While *Gill* may be helpful to show rates actually billed seven years ago, it is not a similar lawsuit because it was brought pursuant to the Magnuson-Moss Act, not the FDCPA. Thus, the Plaintiff has not met his burden of showing that the claimed rate is reasonable, and there is no presumption of reasonableness.

"A district court has 'wide discretion' in exercising its judgment on the appropriate fee level, though the court must articulate the decisions it makes, give principled reasons for those decisions, and show the specific fee calculations." *Sierra Club v. Hankinson*, 351 F.3d 1358, 1361 (11th Cir. 2003). "[O]rdinarily there are no quotations for the prevailing market rate for a given attorney's services. Instead, the best information available to the court is usually *a range of fees set by the market place*, with the variants best explained by reference to an attorney's demonstrated skill." *Norman*, 836 F.2d at 1301 (emphasis added). "[R]eputation and experience are usually only

proxies for skill, which in a rational economic environment is the ultimate determinant of compensation level." *Id.* at 1300.

The Plaintiff suggests a $335.00/hr and $275.00/hr rate for partners and senior associates, $175.00/hr rate for junior associates, $135.00/hr rate for law clerks and paralegals, and $100.00/hr rate for legal assistants.  The Defendant suggests a $245.00/hr and $200.00/hr rate for partners and senior associates, $125.00/hr rate for junior associates, and $90.00/hr rate for law clerks and paralegals.[1]

Here, the Plaintiff is not entitled to a presumption of reasonableness and the Court has been unable to find a similar lawsuit in the Middle District of Georgia to address the prevailing market rate in an FDCPA action.  Thus, the Court must determine the prevailing market rate based on its knowledge of the rates in this district.

The Court has reviewed the exhibits attached to the Motion and finds that based on the skill of the Plaintiff's counsel, the prevailing market rates are those rates claimed by the Plaintiff.  With regard to reputation, the Plaintiff's counsel has established a national consumer protection practice.  With regard to experience, Marshall Meyers, Craig Ehrlich, and Dennis Kurz have been practicing for more than 10 years,[2] and $335/hr is within the range of reasonable rates in this market.  Although it is not in the record, Radbil has been practicing since 2006,[3] and a $275/hr rate is reasonable.  The remaining attorneys only have 1-2 years' experience and that is reflected in their

---

[1] The Defendant does not suggest a rate for legal assistants.

[2] Although the record is silent on Meyers' years of experience, another court faced with this issue assumed Meyers had comparable experience to named partner Alexander Weisberg. *Bell v. Midland Credit Mgmt, Inc.*, 2011 WL 673919, at *3 (W.D. Okla.).

[3] *Stone v. National Enter. Sys.*, 2009 WL 3336073, at *4 (M.D. Fla.).

$175/hr rate.  The Court finds that $135.00/hr is a reasonable rate for the work performed by Russell Thompson while he was a law clerk.  Finally, although the individual experience of each paralegal and legal assistant is not in the record, the Court finds that $135.00/hr and $100.00/hr, respectively, are reasonable rates.

### 2. Hours Reasonably Expended

The Defendant does not object to the Plaintiff's recovery of attorney's fees for reasonable hours billed in this action.  However, the Defendant argues it does not have to pay for work that is duplicative, administrative, or excessive.  The Defendant requests the following reductions because the hours do not reflect a distinct contribution of that attorney: Meyers (.5), Radbil (.8), and Ehrlich (.3).  The Defendant further requests that the Court reduce Meyers' work performed on May 24, 2011, by at least .2 because it is an administrative task.

The Defendant separately argues the Plaintiff should not be able to receive attorney's fees for time spent preparing the Motion.  The Offer of Judgment served on or around January 24, 2012, states that it applies "through and including the 14th day following service of this offer."  On February 7, 2012, the Plaintiff filed his acceptance of the Offer of Judgment as well as his Bill of Costs and the Motion.  Because the Plaintiff seeks attorney's fees for costs incurred within the 14-day frame, the Plaintiff may recover these attorney's fees so long as the work was not duplicative, administrative, or excessive.  The Defendant alternatively argues 1.8 hours of Thompson's time spent preparing the fee petition should be reduced.  The Defendant does not articulate why these hours should be reduced, but because they involve revisions and preparation, the Defendant seems to argue these hours are excessive.

The Court agrees Meyers' hours should be reduced by .5, Radbil's hours should be reduced by .8, and Ehrlich's hours should be reduced by .3 because these hours are duplicative. Meyers' hours should be reduced by an additional .2 for being administrative in nature. Further, the Court reduces Thompson's hours related to the fee petition by 1.8 because these hours are excessive.

The Plaintiff did not address Radbil's .3 hours related to the fee petition. The Defendant argued these hours were not compensable, but sought to reduce Radbil's hours by .8, not 1.1. To the extent the Plaintiff seeks compensation for Radbil's hours related to the fee petition, the Court finds that his time is not a distinct contribution and thus not compensable.

Accordingly, the Motion is **GRANTED in part and DENIED in part** with regard to attorney's fees and **DENIED as moot** with regard to costs. The Plaintiff shall receive $4,743.50 in attorney's fees.[4]

**SO ORDERED**, this 11th day of May, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4]

| Name | Hours | Rate | Total |
|---|---|---|---|
| Marshall Meyers | 1.7 | 335.00 | 569.50 |
| Craig Ehrlich | 3.5 | 335.00 | 1,172.50 |
| Aaron Radbil | 0 | 275.00 | 0.00 |
| Dennis Kurz | 1.9 | 335.00 | 636.50 |
| Armando Nava | 1.7 | 175.00 | 297.50 |
| Andrea Crawford | 0.7 | 175.00 | 122.50 |
| Russell Thompson | 3.5 | 175.00 | 612.50 |
| Russell Thompson, Law Clerk | 2.4 | 135.00 | 324.00 |
| Paralegals | 7.1 | 135.00 | 958.50 |
| Legal Assistants | 0.5 | 100.00 | 50.00 |
| | 23 | | **$ 4,743.50** |